IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHOOTING PARK, L.L.C.,         )
                               )
           Plaintiff,          )
                               )
     v.                        )   No.  04 C 4131
                               )
ETNA OIL COMPANY, INC.,        )
                               )
           Defendant.          )

MEMORANDUM ORDER

This action, brought by Shooting Park, L.L.C. ("Shooting Park") based on asserted environmental violations committed by Etna Oil Company, Inc. ("Etna") lay dormant for an extended period of time while the parties sought to resolve the issues amicably. With those efforts having failed, on January 9 of this year Etna filed its Answer to Counts II and V of Shooting Park's Complaint, coupled with a Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss Counts I, III and IV. Shooting Park has now responded, and nothing further is required to permit disposition of the motion to dismiss.

Two-thirds of the motion pose no problem, for Shooting Park has agreed to the voluntary dismissal of Counts I and III, and this Court so orders. As for Count IV, an Illinois common law public nuisance claim, the litigants agree as to the substantive requirements of Illinois law but differ as to whether the Complaint satisfies those requirements.

Where the parties part company is as to the applicability of

the agreed and long-established requirement that the plaintiff in such an action must "suffer special damage, different in degree and kind from that suffered by the public at large" (Young v. Bryco Arms, 213 Ill.2d 433, 442, 821 N.E.2d 504, 509 (2004), quoting 19th century caselaw for that proposition). And on that score Shooting Park is saved from Etna's insistence that it has provided "no allegations of fact" (Etna Mem. 5) by the federal pleading principle succinctly set out in Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005):

> Plaintiffs need not plead facts; they need not plead law; they plead claims for relief. Usually they need do no more than create a grievance simply and directly, so that the defendant knows what he has been accused of.

In this instance the generous reading of Shooting Park's Complaint mandated by such cases as Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) justifies treating its allegations as identifying the general harm to the environment (and hence to the general public) by the alleged releases of Etna's petroleum products that affect the soil of adjoining properties, as well as surface water runoff and ground water to those properties. Members of the public generally are confronted with alleged hazards as a result, while Shooting Park--as the owner of a shopping center on one adjoining parcel and of other property whose development (including residential development) is impacted by the charged hazardous substances--has a special and

2

individualized claim.

Accordingly Etna's motion to dismiss Complaint Count IV is denied, and it is ordered to file its answer to that count on or before February 24, 2006. In the meantime the previously scheduled status hearing at 9 a.m. February 13, 2006 will be held as planned.

_____
Milton I. Shadur
Senior United States District Judge

Date:  February 9, 2006